**FILED**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JUN - 6 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ANNA MARIA AGOLLI
3304 6th Street SE #304
Washington, DC  20032
407 374 3704

V

OFFICE OF INSPECTOR GENERAL
U.S. DEPARTMENT OF JUSTICE
Headquarters
950 Pennsylvania Avenue NW, #4706
Washington, DC  20530-0001
202 514 3435

OFFICE OF INSPECTOR GENERAL
U.S. DEPARTMENT OF JUSTICE
Washington Field Office
1300 N. 17th Street, #3200
Arlington, VA  22209
703 616 4766

Case: 1:14-cv-00961
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 6/6/2014
Description: FOIA/Privacy Act

## COMPLAINT

PLAINTIFF filed complaint with Office of Inspector General, Headquarters and

Washington Field Office, in May 2006 against Civil Rights Division handling of 166233

complaint dated August 2001 stamp dated at the U. S. Department of Justice on

September 11 2001, with ongoing complaints continually being filed thereafter about

ongoing and ramifying issues of the same matter.  Plaintiff filed complaint with OIG at

Headquarters and was treated with rudely, reminded of how many complaints OIG gets

daily when Plaintiff followed up as necessary and was recognized by her voice alone even

though OIG was said to get innumerable complaints daily.  The complaint was assigned to

an investigator by a particular operator who told Plaintiff when to call to follow-up.  When

Plaintiff called to follow up, both operator and investigator no longer existed at OIG, and

1

existed at OIG, and the complaint had to be refiled. Plaintiff brought the complaint to

the Washington Field Office (WFO hereafter) in person this time rather than fax to

headquarters. WFO handled it promptly, closing the matter without really handling and

the person at WFO Plaintiff treated with became as violent and ugly as some of the

subjects of the 166233 complaint, and Plaintiff complained to Glenn Fine to no avail.

Plaintiff filed a FOIA June 2006 requesting expedite handling for endangerment

and received the expedite handling. (The reference numbers for the history of this FOIA

request are as follows: 06-OIG-164, 06-2846, 07-0560, and 08-0238.) The release

consisted of one sheet of paper that misrepresented Plaintiff's complaint to the OIG.

Plaintiff is attaching exhibits of correspondence with the OIG Office of General Counsel

where Plaintiff filed the original FOIA request and the appeals and correspondence at

OIP thereafter. The index, with each actual exhibit, will give more detail plus a synopsis

with some exhibits. Plaintiff also followed up by phone and has included notes about

these conversations. Plaintiff did what reasonably could be done to insure to get a

response, there was too much information going missing or not arriving in the mail. Mail

tampering was one of the 166233 complaint issues. So Plaintiff could not avoid having

to call and ask if something was sent because the likelihood that Plaintiff did not receive

something that was sent was greater than the public at large receiving mail. However,

items that Plaintiff had sent to OIP, such as appeals, also went missing or had to be

sought out beyond checking the recorded items on the database at the time, and Plaintiff

had to resubmit and/or get OIP employees to seek out the missing items or re-send what

she never received, etc.

Plaintiff is requesting the Court to rule that a full disclosure be made and the

2

complaint to OIG be properly documented.  For instance, the original FOIA release stated that Plaintiff was writing about a civil matter when she was not, and that Plaintiff filed civil cases when Plaintiff had done no such thing, and the rest of the description was ugly as well as inaccurate.  As a result of that, it was necessary for the FOIA to consist of actual copies of everything sent because the documentation of OIG could not be relied upon as factual. Exemptions were upheld because of information being compiled for law enforcement purposes, however, and if the matter about which Plaintiff wrote to OIG was truly civil and not criminal as was misrepresented by OIG, the information could have been released in its entirety, redacting only individual names and private information where applicable, rather than withholding it altogether.  If it was necessary to withhold it altogether, there was criminal information, and so the matter about which Plaintiff filed complaint with OIG was a criminal matter, and great care had been taken to document it otherwise.  What's the big secret if Plaintiff's complaint really consisted of the ugly misrepresentation of the first release per the FOIA through the Office of General Counsel dated June 22 2006?

For instance, "The records responsive to your request are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a0')(2). See 28 C.F.R. § 16.75 (2006).", from the December 18 2006 OIP response. Also, "OIG properly withheld certain information that is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(C). This provision concerns records or information compiled for _law enforcement purposes_  (emphasis added) the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties." OIG never heard of redacting information such information, given that the matter

3

described as civil was now requiring exemption due to information being compiled for law enforcement purposes? Also "Additionally, in your appeal you implicitly contend that OIG conducted an inadequate search for records. I have determined that OIG conducted an adequate, reasonable search for the records you requested." If that is truly the case, what did OIG represent to OIP to give that impression because a lot was omitted. And, so according to this, a lot of it was law enforcement related -- and it was -- so if they didn't want to release that for justified reasons, what is the justification for saying that it's a civil matter that I filed imaginary civil lawsuits about. This is direct misrepresentation, plus by their handling, they didn't correct previous law enforcement's handling, which meant I was left at risk.

OIG cost Plaintiff proper handling of her complaint at OIG and at the U.S. Department of Justice, Civil Rights Division, etc., because of the handling. And this damage continued with the OIG's ongoing response to the FOIA request. Plaintiff was in danger and left endangered still after complaint and FOIA request and appeals to OIG, including losing expedite handling upon appeal, in good part because of the misrepresentation of Plaintiff's complaint, directly by documenting invention about Plaintiff's complaint which protected the interests of the subjects of the 166233 complaint (one of the subjects happens to be a Catholic Bishop), and not verifying for OIP that the expedite handling was a legitimate request especially given the information Plaintiff had submitted to OIG in complaint against Justice employees handling of her complaint that happened to be similar but not as bad as OIG's handling. OIG's handling of her complaint against Justice employees' handling outdid the handling Plaintiff was complaining to OIG about.

4

Plaintiff also lost the expedite handling once she appealed; when originally, upon filing the first FOIA, she was granted expedite handling based on endangerment. Plaintiff spoke to Joshua Raines who told her she could write a letter requesting reconsideration of the expedite handling, and did so January 2008. The letter was not found when Plaintiff followed up. Plaintiff had to resubmit that item, although Michael Sherman also found it and told Plaintiff she would get a response, but she never received a response. In fact, there were employees at OIP who were helpful to Plaintiff in trying to locate items that Plaintiff had sent to OIP and was supposed to have received from OIP because there were one or more that were not entered on the database as they should have been, and otherwise facilitated Plaintiff receiving what she should have as regards her correspondence with OIP, but only to the extent these employees had control over that, it would appear, that they might have been hitting the same stone wall Plaintiff was hitting. Plaintiff throughout either called or emailed and responded to correspondence that she did happen to get and so forth, as you will see from the history right before the signature that lists exhibits and comments on some plus brief notes on conversations, but it's about six years now from Plaintiff's last correspondences with OIP, at least one of which should have generated an acknowledgment letter and thereafter a formal response, but Plaintiff is still waiting for this and wants all responses still.

May 9 2014 Plaintiff filed a FOIA request to OIP asking for all the correspondence there because it's the only way to make comparison with her own records and see what went missing, what should have received a response but didn't, etc., and how to proceed from there. The last formal letter Plaintiff received from OIP was from Priscilla Jones in 2007 advising of a delay because of backlog wherein Jones supplied Plaintiff with a 2008

reference number, giving reason to expect it would be many months before the backlog was cleared and Plaintiff heard anything.  There was no way to gauge when a response should have come besides the reference number.  Plaintiff never heard from OIP as regards the backlog clearing, etc.  Plaintiff was in contact with Michael Sherman by email since the backlog/acknowledgment letter of Priscilla Jones, but she never received a formal letter making actual response to her previous correspondences in the mail as was the normal requirement, backlog or no backlog, eventually or right away.

The last letter Plaintiff sent OIP's Priscilla Jones following up on all her reference numbers, reconsideration request, appeals and acknowledgment with notice of delay, etc., was dated May 27 2009 because Plaintiff never heard back.  Plaintiff followed up with Michael Sherman by phone then also and actually spoke to him and he advised that Plaintiff sending the May 27 2009 letter to Priscilla Jones was helpful as he was most familiar with how the correspondence there didn't always make its way to the proper destination.  Plaintiff followed up by email thereafter as well but received no further response, Michael Sherman apparently separated from there at some point.  Plaintiff sent Michael Sherman the May 27 2009 correspondence to Priscilla Jones via email because Sherman had found a few lost items and so would probably insure that this item did not get lost.  Plaintiff never heard from OIP again after the May 27 2009 letter also, and follow-up via email with Michael Sherman thereafter.

Plaintiff is filing lawsuit on the basis that within this time six years ago she should have received a response based on the May 27 2009 follow up, but hadn't.  When a letter is received at OIP, the immediate correspondence is an acknowledgment, which can be dated the following day or shortly thereafter.  Then there comes a decision about the

correspondence for which an acknowledgment was sent. If this letter contains a denial and referral to judicial review, there is a six year period from the date of that letter containing denial for a citizen to file lawsuit. Not having in hand any such denial or correspondence from OIP that responds to the May 27 2009 letter, Plaintiff has to calculate what might have occurred and respond to that possibility until she knows for certain. So Plaintiff should have received an acknowledgment shortly after May 27 2009, and did not. The six-year statute of limitations however runs from the last date of correspondence from the OIP that advises to seek judicial review. This should have been forthcoming for the Reconsideration for expedite handling request because Michael Sherman in his emails located this item although Plaintiff sent it originally and then re-sent it to Michael Sherman by email so he could find it, and he wrote to Plaintiff stating he found the reconsideration request and that OIP would respond to this. So upon receipt of the follow-up correspondence of May 27 2009, an acknowledgment and then a response about the reconsideration request and appeals should have been sent out thereafter. There was no response at the time although Plaintiff followed up. Nor is the matter in the database now, it has to be searched and released to Plaintiff, at which point Plaintiff should have all that OIP currently has on record somewhere and can make calculations based on that information. Plaintiff had to file a FOIA to get all the OIP correspondence so she can base a lawsuit on that within the proper statute of limitations date. Since it takes time to get a response especially if Plaintiff's information is not on the current database but has to be searched to see if there ever was a response and what that response was and the date, Plaintiff is filing a lawsuit on the possibility that there was a denial response so that by the time a response is furnished to the current FOIA

7

request to OIP, and it turns out yet again that there was a response that Plaintiff never

received, and it was a negative response, Plaintiff has not allowed the six year statute of

limitations deadline to elapse from that last date should it have occurred around this time

six years ago.  If there was no response at all, then Plaintiff will cross that bridge as

regards this lawsuit and how to proceed.  Plaintiff asked for a response to the May 27

2009 follow-up letter to Priscilla Jones now from OIP if OIP neglected to make response

ever, and it's not likely they will respond because it is not an open case anymore.  The

case was closed while Plaintiff made inquiry and didn't receive final responses.  So this

speaks to there being a response that Plaintiff never received since OIP would like not

close a matter without giving a final response.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant;

A. Finding that Defendant violated applicable FOIA and Privacy Act laws in not

releasing Plaintiff's record back to Plaintiff complete and accurate, and committed libel

in misrepresenting Plaintiff's information on their record, which caused Plaintiff not to

qualify for expedite handling as well as simply not get the handling at OIG that was

requested there.

B. Turning back the clock on any statute of limitations barring exercise of any of

Plaintiff's rights and privileges under the law so that all issues Plaintiff should have

attempted to address have not elapsed and can still be handled at this late date, including
the privilege of filing this or similar issue lawsuit anew or more

C. Punitive damages in the minimum amount of $1,000,000, unless it is customary to ask advantageously

for more, because OIG endangered Plaintiff by their handling of her complaint to them,

not only at the OIG but also in the manner it influenced the OIP in the cases where OIP

did not remand the request or appeals back to OIG or did not grant or ignored the

expedite handling reconsideration request since Plaintiff had to resubmit this because the original was found by Michael Sherman months later when I called to follow-up, plus Plaintiff never did receive a response.  OIP is busy, but it is the nature of the complaint 166233 to influence everywhere Plaintiff goes to keep her from accomplishing anything that would do justice and free her from the danger or simply allow her to exercise her rights and freedoms under the law.  This means Plaintiff makes efforts and spends money and gets nowhere when Plaintiff should be able to reasonably expect something in return. That alone is worth many millions of dollars not just because of lost wages for work Plaintiff would have been able to get or keep were it not for this 166233 situation (which consists of violent harassment and blackball and intrusion crimes like mail tampering, etc.), wasted attorney fees and other money that Plaintiff can show she spent either by virtue of receipt or by estimation of what a reasonable compensation would be for having made a certain number of copies, sent whatever faxes, resumes, lawsuits, etc., for which Plaintiff should also be reimbursed by estimate (no one keeps receipts forever but the product is still extant) or by exact numbers, but the harassing effort it demands because

Plaintiff is constantly in fight or flight mode. The physical & other burden of whatever type on Plaintiff due to this handling including deprivation of contact of family & friends because of danger, & innumerable other harms suffered. Plaintiff is asking a minimum of $1,000,000, unless she would be entitled to more under the law, in which case Plaintiff asks the full amount possible under the law, noting that this situation is likely not a usual and customary situation.  Plaintiff also requests victim assistance and compensation, in spite of and because there has been almost no prosecution, and as such I received no relief from the ongoing crimes, and no relief for past harms, plus retaliation and harassment for having spoken up and reported and filed complaint.  So the $1,000,000 is a minimum punitive damage, plus compensation in whatever amount would be

applicable under the laws and jurisdiction of this court.

D. If it's possible for a court to order a criminal investigation on a civil lawsuit, I am asking that also. Avoiding an on-record investigation is what this was all about.

E. Awarding Plaintiff any other relief the court deems just and proper. In addition to what Plaintiff would enumerate more specifically in court further

LIST OF EXHIBITS WITH FURTHER DETAIL
AS PART OF THIS COMPLAINT

Plaintiff has not included all the releases in their entirety because in her appeals she indexed what she sent and what was released to her, and any additional information is sufficiently related to what she is sending here to be includable for trial. And these are available for trial if necessary along with any other correspondence Plaintiff did not have readily available to her to include or that she thought might not be relevant with a complaint but rather at trial. So this index with comment, which comments to and contents thereof are as much a part of the complaint as the text of the complaint above, is part and parcel of this complaint in setting forth facts in more detail and asking remedy. The conversation/phone call notes are pretty much as Plaintiff took them down, and not all possible documents or conversations are included, partly because Plaintiff is awaiting a FOIA release from OIP for OIP's records and must do a more thorough search for herself, and also because some items would be more appropriate to submit during trial, etc.

Exhibit 1-June 16 2006 FOIA ID to Waller OIG FOIA, 1pp, assigned no. 06-OIG-164, mailed separately

Exhibit 2-(See attachment to Exhibit dated November 28 2006, Exhibit 9)
Date: June 20 2006 703p
From: magi2dx@yahoo.com
To: Waller, Deborah M. (OIG)

Subject: Re: FOIA Request (From Anna Maria Agolli), 25pp
This is Plaintiff's emailed original FOIA request to Waller. Plaintiff did not include a copy of it in this spot because this email was released twice as a response to my FOIA request. The first time was with the November 28 2006 FOIA release and the second with the September 7 2007 FOIA release. The printout is included in the exhibits with the November 28 2006 exhibits (Exhibit 9) with references on both this and September 7 2007 (Exhibit 14) to view the original email request at November 28 2006.

Exhibit 3-From: "walsh walsh" <magi2dx@yahoo.com>
To: <debra.m.waller@usdoj.gov>
Sent: Wednesday, June 21, 2006 2:22 PM
Attach: Noname_1401194066741.eml
Subject: Fwd: from Agolli, Partial listing of Faxed items, more to follow.
Thread: Attached forwarded message:
From: "walsh walsh" <magi2dx@yahoo.com>
To: <oig.hotline@usdoj.gov>; <inspector.general@usdoj.gov>
Sent: Saturday, May 27, 2006 4:11 PM
Subject: from Agolli, Partial listing of Faxed items, more to follow.

Exhibit 4-June 22 2006 Deborah Marie Waller, granted expedite request, released what OIG gave her, 1pp letter, and 1pp release attachment. (August 20 2006 (Exhibit 7) Appeal addendum also has this as an attachment)

Exhibit 5-From: "walsh walsh" <magi2dx@yahoo.com>
To: <Deborah.M.Waller@usdoj.gov>
Sent: Monday, July 03, 2006 3:08 PM
Subject: My profound thanks.,1pp
(Plaintiff thanked Waller for granting the expedite handling. The release was a lie, but OIG lied, not Waller.)

Exhibit 6-August 18 2006 FOIA Appeal to 06-OIG-164, 24pp, plus cover sheet, plus 2 fax receipts and payment receipt.
On August 18 2006, spoke to Ms. Devita Brown, it was received at 440p. Cover and pp8-24. Had to re-fax pp1-7. Finally, the entire document was completely received. I was told procedure was to transfer to FOIA Attorney Advisor. They create a file, acknowledgment letter, and assigned to attorney. There is a backlog. It will be assigned eventually. Acknowledgment will come quickly. If expedited, then within 20 business days agree, affirm or not, whether they will expedite. If so, then they will start processing. In most cases I will get within 20 calendar days response regarding whether they will expedite. Yes, start processing after other expedite. Joshua Raines, 202 514 3642 transfer. The woman I spoke to said she would send an email.

Exhibit 7-August 20 2006 FOIA Appeal to 06-OIG-164, 1pp plus cover sheet and fax receipt, payment receipt. Plaintiff had omitted to send this exhibit with the August 18 2006 appeal above, it consists of the June 22 2006 FOIA release, one-page form with

misrepresentation, and so faxed it on August 20 2006.

Exhibit 8-August 24 2006 Daniel Metcalfe Re Appeal 06-2846 per 06-OIG-164, 2pp plus envelope

Denial of expedited handling for endangerment and loss of due process rights. If law enforcement refuses to investigate except off the record in order to protect the interests of the subjects of a complaint made to the federal government, Plaintiff has nothing but straws to grasp at while avoiding both imminent and overall ongoing danger and this is not a conclusory statement but a matter of fact. Plaintiff was hit by a truck on December 28 1999 and thrown 15 feet, the ACPD police officer, Dennis Patterson involved himself on behalf of the driver who was going too fast on a street by a ballpark with a 15mph limit, and after attempting to put words in Plaintiff's mouth about what happened and doing a double take when Plaintiff corrected him, Patterson directly interfered with Plaintiff's getting a factual response to her question of did she break anything. Plaintiff was told she was fine yet ten years later got an Xray of her hip because she slipped on ice and her hip was bothering her. Plaintiff was harassed on the way to the xray facility and then learned from that xray that there was an old injury to her hip. Plaintiff was lucky because doctors don't tell Plaintiff what they see on diagnostics necessarily however important, Plaintiff has to avoid using reports and bring films if she wants a real answer, assuming she will get one from the doctor, which is an endangerment, especially if the issue for which Plaintiff brings films is brain CAT scans as regards stroke-like symptoms. As for that truck that broke her hip area, Plaintiff healed like a stray dog, waddling around for months, no physical therapy (why? If there's nothing wrong or broken that Plaintiff was told about?). If this isn't imminent danger, Plaintiff doesn't know what is, because not only is Plaintiff being threatened for her very life immediate and overall survival, but the police are on the side of the criminal. As for the Falls Church/Arlington Diocese issue Metcalfe mentions, Plaintiff was protesting abortion next door to a Catholic Church and a police officer felt comfortable going to the church and telling them that he couldn't stop Plaintiff from protesting because that's her constitutional right, but he could get a thug to break Plaintiff's legs. St. James church had a long history of harassing pro-lifers (including with the cooperation of the police) once an abortion clinic bought an old property of St. James'. And these are just two issues of imminent danger at the time.

Exhibit 9-November 28 2006 Adrienne Scott re FOI/PA Request 06-OIG-164
Attach FOIA release is Deborah M. Waller's printout of my email making the original FOIA request as follows:
From: magi2dx@yahoo.com
Date: June 20 2006 703p
To: Waller, Deborah M. (OIG)
Subject: Re: FOIA Request (From Anna Maria Agolli), 25pp
(Plus one blank page between pages 20 and 21, Envelope)
Plaintiff had to appeal this because based on the first release of June 22 2006, which misrepresents the contents of her complaint to OIG, a list of what Plaintiff sent is no longer sufficient, but they made it necessary to release what Plaintiff actually sent and

their whole records so that the complaint text and what they did with it could be self-evident rather than misrepresented.

Exhibit 10-December 18 2006 Appeal No. 06-2846, 2pp (plus envelope)
Again, Plaintiff is being told that records compiled for law enforcement purposes were properly withheld.  Also, Plaintiff is being told that she can't include an amendment of the records, although Plaintiff can't ask for an amendment unless she sees the records, and if she is being denied but has seen enough that requires one to be concerned that amendment is necessary, she can only ask for what she saw, although she would have to ask for everything to insure no misrepresentation.  And Plaintiff would not receive everything because even though the release of June 22 2006 states it's a civil matter along with other invention, the records (most of them) are not going to be released because they are compiled for law enforcement purposes.  Plaintiff can certainly can file such a request as stated, but it's really a merry-go-round because of OIG's misrepresenting and keeping the matter off the record.  Plaintiff did let Adrienne Scott know that she was dissatisfied with the November 28 2006 and that she wanted the actual items, not a copy of her own email making the FOIA request only.  Oh, you want all that?, she said.

Called FOIA, Conversation January 4 20007 with Kathleen Mullen after getting my mail from the post office where it was held.
1-correspondence unless investigating (probably)
Correspondence not necessarily public record
(blacking out) Only pertains to 3rd party information
If you are requesting files on another person unless you have waiver from that person or proof that they are deceased
If within a file there was information pertaining to another individual
If you request FBI file and there is information about you and 3rd parties, that information will be withheld unless there's a waiver. Normally they would segregate what pertains to you and release that (they known you already know what's segregated/blacked out but that is officially what they're releasing to whoever asks if it's under FOIA so they'll segregate even if they're sending you what you sent them).
If no way to segregate without divulging 3rd party information they will:
2 page, paragraph on you (released) and paragraph on 3rd party (withheld in full) and paragraph about both me and third party, segregate (blacked out information)
She said it was dated December 18, 2006 and I told her I got it just yesterday because I was away and so I picked up my mail yesterday. She said they (OIG) probably got it just yesterday too, and give it a few weeks. I asked, wait until about January 30? She said, probably.
She looked up appeal number after giving her explanation about the inquiry.
She pulled up letter, asked that copies of documents I sent to OIG released to me. Copy of which will be provided directly, of materials I sent to OIG.
Public record does not necessarily (mean?) court documents.
An attorney probably reviewed OIG's information and so third party information will be withheld.

Amending records: 2 separate processes.

Once you get the records, you review, you find errors privacy act

Amendment directly to the component.

You can only appeal release.

But to amend you have to go to the OIG.

60 days to appeal but forever to make a correction.

As a courtesy, for instance, you can go back to Justice/Civil Rights Div and tell them they sent wrong information, not administrative error, bad copy is appealed stuff.

I think the above is supposed to say that if it's an admin error and not just wrong info, as a courtesy you can ask them to correct it.

Receive back index

Letter of December 18, 2006

It takes component probably got it this week too. You should probably get something within the next few weeks.

(This was before we figured out that the November 2006 response was the response to this December 18, 2006 remand directive, since they weren't going to send me anything anyway.)

If you do not get anything from them, and contact OIG directly, I have appealed and have been informed you are supposed to be getting this information.

Default to FOIA.

9 exemptions under FOIA.

3rd party.

Employee names could be blocked out if they are investigating.

Any information being released to you is released to the world.

Anything I get from them is something I can give out.

They will withhold anything that can be exempt but what they released is yours to use as you wish.

If there is something that would hinder an investigation, there is an exemption they would use for that, so that I can have in my possession something that would hinder their investigation. FOIA USC section 552 (b) 7(a).

She can send me pamphlet explaining each exemption (never received this).

Is there an investigation? She does not know.

Privacy Act segregation. Under independent of my safeguarding. I don't have the obligation to safeguard what is exempted under the privacy act, it's their doing.

It is their records, I am not the person investigating, you can

Your actions would not hinder what is going on at the OIG end.

You can call.

Privacy Act segregation -- They apply to the government. These do not apply to individuals. Individual citizens do not have to worry about it. it is not individual responsibility but the government's responsibility.

If you have the information you are free to do with it what you wish.

You are free with what you already knew whatever you want.

Only, whatever you have that is yours, and you have a copy of your own letter to them, you can do whatever you want. If they are investigating, and they want me not to discuss what's in the letter, then they have to let me know.

If you sent them a letter, they send it back and black it out, they still know you have that letter, but they know you have that information.

People send letters to FBI, when the FBI releases the same letter back, with black out information, they clearly know you have that information. If it is something that should have been safeguarded, they need to answer for that.

But contact them and ask if they are doing investigation, say okay I'm planning on releasing this information, and see what they say. They would have to contact me if they are concerned, otherwise, just

Law enforcement purposes, she didn't know if this meant there was an investigation.

I then spoke to someone else later in the month of January, just before I sent the appeal, and I think this conversation pertained to that. I spoke to a man, not Kathleen Mullen.

Took to court re expedite, it bumps you to the front of the queue.

When press is involved, national security issues.

Appeal it. November 28, 2006 looks like it has been reviewed.

FOIA information, can be released indiscriminately.

Advise on what to put in appeal letter for nov 28 2006 release:

(This following text might be the motion to go to court with)

This is to advise that I am in receipt of the 12/18/06 foia appeal and understand that what I sent to the OIG will be released back to me;

And that the oig has advised me that there would be no investigation and that this is on record at the OIG;

And that the OIG has not officially asked me to refrain from sharing the documentation or otherwise discussing the matter about which I wrote to the OIG;

AND that the OIG is on notice, that I need and intend to do whatever is necessary to obtain records in the matter that the OIG has advised it would not investigate or cause to be investigated by referral.

Oig has left me endangered by not handling for justice or referring this matter to law enforcement for handling and has further endangered me by misrepresenting the matter so that expedite was denied.

AND that this includes the sharing of the information sent to the OIG has indexed in the August 18, 2006 FOIA Appeal and any and all other information sent to OIG otherwise..

Questions I had for OIP

OIG response equivalent to Gag order? Privacy is OIG's independent handling not a requirement on others who also own/have similar information? Identical or other information.

discuss with persons who might help me obtain redress, whether in an attorney-client or unprotected relationship?

records compiled for law enforcement purposes -- this is their work product because what I sent them is public record, correct? especially since they are not investigating and did not ask me not to discuss.

Investigation, or there is none, so what does this mean?

Privacy for their parties, who are third parties?

Info sent them is public record if no investigation?

If they deny in part or in whole to release this information back to me, under what circumstances can they do that?

What requirements, if any, does that impose upon me in terms of what I can do with the information?
1/4/07 514 FOIA @1010a (514 3642)
Called, got a hang up, tried again, got transferred. Left vm for Mullen


Exhibit 11-January 26 2007 Appeal of November 28 2006 FOIA Adrienne Scott correspondence 06-OIG-164, 5pp
Attachments:   August 18 2006 Appeal, 24pp (see Exhibit 6)
                        June 22 2006, 2pp (see Exhibit 4)
                        June 20 2006 FOIA request (See Exhibit 2)
                        August 24 2006, 2pp (see Exhibit 8)
                        November 28 2006, 27pp (see Exhibit 9)
                        December 18 2006, 2pp (see Exhibit 10)
63pp total January 26 2007 letter with attachments.  Since the attachments to the January 26 2007 Appeal of the November 28 2006 FOIA Adrienne Scott correspondence are exhibits to this action, I did not repeat them here but refer you to the Exhibits as attached to this complaint.  The January 26 2007 correspondence itself is only 5pp, plus cover sheet, fax receipt, payment receipt.


Exhibit 12-February 27 2007 Appeal 07-0560, remanding to further search, after which I may appeal again, 1pp
Plaintiff does not have an envelope for this because she never received this in the mail. Michael Sherman emailed this letter to Plaintiff on June 11 2008 as a result of her follow up.  This letter happens to give the opposite response of the December 18 2006 letter. Below is the email that is part and parcel of this February 27 2007 letter because that is how Plaintiff got it, she didn't get it in the mail.
Sent:  August 26, 2008 6:04 PM
From: "Anna Maria Agolli" <anna_agolli@yahoo.com>
To: <Michael.J.Sherman@usdoj.gov>
Subject: RE: remand letter
Thread:
From: "Anna Maria Agolli" <anna_agolli@yahoo.com>
To: <Michael.J.Sherman@usdoj.gov>
Sent: Thursday, July 17, 2008 11:49 AM
Subject: RE: remand letter
And
From: Anna Maria Agolli <anna_agolli@yahoo.com>
Subject: RE: remand letter
To: "Sherman, Michael J" <Michael.J.Sherman@usdoj.gov>
Cc: videodisk110@aol.com
Date: Sunday, June 15, 2008, 8:46 PM
And
From: Sherman, Michael J <Michael.J.Sherman@usdoj.gov>
Subject: RE: remand letter
To: anna_agolli@yahoo.com

Date: Thursday, June 12, 2008, 11:32 AM
And
From: Anna Maria Agolli [mailto:anna_agolli@yahoo.com]
Sent: Wednesday, June 11, 2008 2:15 PM
To: Sherman, Michael J
Subject: Re: remand letter
And
From: Sherman, Michael J <Michael.J.Sherman@usdoj.gov>
Subject: remand letter
To: anna_agolli@yahoo.com
Date: Wednesday, June 11, 2008, 9:59 AM
Attachment: remand letter of February 23 2007 07-0560, 1pp
Technical difficulties: The only part of this thread that is separated from this email
printed from Outlook, is the last communication of August 26 2008 6:04 PM. Plaintiff
has provided the browser page printout where the most recent thread is on top with
headers, plus the outlook printout from the penultimate most recent email of July 17
2008 11:49 AM. As you can see the browser cuts off the text on the sides, it doesn't do
that with every email but it is doing it with this one for a reason Plaintiff does not know
how to control. So Plaintiff printed that out so you can have the headers of the most
recent. There must be a coding or something about this email that no matter how
downloaded it, it doesn't print properly. Plaintiff has printed it from outlook as well, and
it prints the text without the headers. So in order to give you a complete thread, Plaintiff
had to give you the browser version (page 1 only) of the most recent email so you can see
that it's an email with the subsequent thread as in the outlook version starting with the
July 17 2008 email. And Plaintiff also printed the outlook version of the August 26 2008
email, which for no discernable reason, is not including the headers when it usually has.
Plaintiff didn't want to cut and paste it together, so she just gave you straight emails
containing all the parts of the entire thread.

The important parts of this email and threads consist of Sherman sending me on June 11
2008 the February 27 2007 remand letter which Plaintiff did not get in the mail and did
not know it was sent except that she followed up with Sherman, who sought it and sent it.
Plaintiff also inquires on June 15 2008 whether Sherman was able to locate her
November 5 2007 appeal, which was not on record although you can see that it was
received with the name of the person Plaintiff spoke to when she called to confirm the
fax. That is the correspondence Plaintiff faxed, but you will note in a lot of these emails
that Plaintiff re-sent by email or otherwise her correspondence more than once. On June
12 2008, Sherman emails me to advise that they found the Reconsideration Request for
expedite handling and that OIP will answer it. I never received an answer and would like
one. You can see the effort Plaintiff had to make to insure to get mail to and from OIP,
starting with OIG's disappearing acts too, if not that the complaint vanished, then it was
misrepresented, but that information would not be handled or acknowledged as written
by Plaintiff. If there was something wrong with what Plaintiff wrote rather than
something wrong with what Plaintiff was describing, all that effort to redefine it would
not have been necessary.

Conversation

February 28 2007 called and spoke to 514 FOIA Michael Sherman
remanding your request, sending back to OIG to do again more thorough search.
Applicable fees = if there are fees. does not mean anything specific.
if there are fees involved -- and you wanted that waived -- that is a separate issue. Like addresses search.
if there are sufficient to incorrect fees, and you want that waived, we will cross that bridge when we come to it.
you may appeal-- they are sending it back maybe it needed a more thorough search.
when that happens, they might still not find so they still will respond.
this next time thereafter, at this time we think we acknowledge appropriately, and at this point, your remaining option is to go to court.
if i have already said i want the fees waived, you do not have to say anything. you would say something at the point that they are going to charge you for the fees.
indigence -- not basis for waiving fees.
basis for waiving fees is a sufficiently high public interest in the information i would be disseminating, then there would be a strong basis for waiver of fees.
you would prove you would describe what the importance of the information is and why it is in the public interest to have it disseminated.
any relevant information in the situation would help them assess the public interest.


March 26, 2007 OIP 514 foia
Called Kathleen Mullen
How would they make decision re no expedite handling
Was I supposed to attach footage
Don't have official court copies only my original
How do I proceed
Left phone and email
Also received Feb 16 letter: have not received anything else from OIG.


5/16/07
called about 8a left vm for Deborah Waller to giver her a heads up on the e-mail i sent last week to follow up re OIG non-response per speaking to OIP.


Exhibit 13-From: "Anna Maria Agolli" <anna_agolli@yahoo.com>
To: "Waller, Deborah M. (OIG)" <Deborah.M.Waller@usdoj.gov>
Sent: Saturday, May 26, 2007 12:13 PM
Subject: RE: FOIA Request No. 06-OIG-164/FOIA Appeal Nos. #06-2846 and 07-0560
Thread:
From: "Waller, Deborah M. (OIG)" <Deborah.M.Waller@usdoj.gov>
To: "Anna Maria Agolli" <anna_agolli@yahoo.com>
Sent: Friday, May 25, 2007 4:56 PM
Subject: RE: FOIA Request No. 06-OIG-164/FOIA Appeal Nos. #06-2846 and 07-0560.
And

From: Anna Maria Agolli [mailto:anna_agolli@yahoo.com]
Sent: Fri 5/25/2007 3:57 PM
To: deborah.m.waller@usdoj.gov; adrienne.scott@usdoj.gov; oigfoia@usdoj.gov
Subject: Re: FOIA Request No. 06-OIG-164/FOIA Appeal Nos. #06-2846 and 07-0560.
And
From: Anna Maria Agolli [mailto:anna_agolli@yahoo.com]
Sent: May 9, 2007 7:01 PM
To: deborah.m.waller@usdoj.gov; adrienne.scott@usdoj.gov; oigfoia@usdoj.gov
Subject: FOIA Request No. 06-OIG-164/FOIA Appeal Nos. #06-2846 and 07-0560.
The file was at OIG, where they were supposed to be releasing the FOIA properly.

5/24/07 Notes from Conversation with OIP Joshua Raines after Bob Nixon (Prosecutor,
MPD) told me to send him my records that he said OIG didn't send him anything when I
called him on May 22, 2007 evening.
5/24/07 8a Kathleen Mullin @ 514-FOIA
What can he do to get it, how does that work?
Joshua Raines answered and I spoke to him instead.
It is under the category as released under FOIA, but he could tell me that by virtue of that
when I released it, it was under FOIA only that I was free to do whatever I wished with
my information.
Various ways to pursue, he has to do that on his own. He cannot advise me on how to do
that. There are ways to get records, but the prosecutor will have to pursue that on his
own.
Once released under FOIA, I can do whatever I want.
If it is NOT released under FOIA, I can also do whatever I want with my records.
I have to make a judgment call on my own about that.
Raines said however that if it is a prosecutor, there should be no problem giving him
whatever he asks. Unless there is some specific reason I believe I cannot disclose it.
(My reason would have been fear of exactly what took place, Nixon did with my
information similarly to the FBI)
Raines said I could give the prosecutor the August 31, 2006 version (which is the version
not released under FOIA) or whatever I want to give him.
He referred me to Deborah Waller 616 0646 to request for information on status of foia
request.
If they do not respond (and he said Waller should respond) at General Counsel's office,
then you have to file a lawsuit. And she said that Deborah Waller should be calling you
back and following up.
5/24/07 8:30a 616 0646 General Counsel's office. Left message for Waller and/or
Adrienne Scott to phone and email me, please let me know why I have not received the
OIG FOIA release. What's the problem.

Exhibit 14-September 7 2007 Adrienne Scott, 07-0560 as per 06-OIG-164, 1pp
(Plaintiff didn't include the attached release because it's identical in part to the one
Adrienne Scott of OGC sent me on November 28 2006, which consists of my 25 page
June 20 2006 703p email to Deborah Waller.  Plus they released the original stamped

version of a later complaint I filed, not the records I requested here.  I can supply if this is necessary at trial.)

October 28 2007?
FOIA info
oip joshua raines 202 307 3997, he handles expedite handling
except bec upon explanation, joshua raines said this would be preferable
letter of reconsideration based on additional information that was not included with my request for expedite handling, although it was referenced. here is a demonstration how that shows threat to my safety.
2 media requests
1 serious criminal prosecution
on copies of tapes or faxing
life and/or safety
if not included,
i have to present certain information within my request for expedite handling if on the face is not sufficient then expedite is denied.
Burden is on the person to demonstrate they are under clear threat.
upon speaking to JR i learned that i needed to include this information with my appeal, and also that it is not necessary to submit originals such as was necessary in the court case but copies on cd is okay, and documents also, in describing what i would submit

Exhibit 15-November 5 2007 FOIA Appeal re 06-OIG 164, 06-2846 and 07-0560, 16pp, cover sheet, fax receipt, payment receipt
Notes re November 5 2007 appeal --
Received in hand by Ms. Brown @ 514 3642, both the 17 pp (16pp+cover) that went without my signature, and the 2pp (1pp + cover) that went with my signature. also I made the following notation by hand under the Attachment: line an arrow pointing from the word "quickly," and my scrawl says: it's a malfunction also like the others & went w/o attachment.

Exhibit 16-November 6 2007 Priscilla Jones OIP 07-0560, advising of a delay in response due to backlog.  Assigned my appeal 08-0238
When I wrote to Priscilla Jones on May 27 2009 about all the reference numbers including the reconsideration request, this was the last correspondence prior to that.

Exhibit 17-January 31 2008 Request for Reconsideration of Expedite Handling on Freedom of Information Act Appeal, 5pp, plus cover sheet, payment and (2) fax receipts.
Per Joshua Raines, I filed this asking them to reconsider the expedite handling denial.  As you can see on the fax receipt, I spoke to one Lynette who advised me that she received in hand the fax, in fact, after telling me a page was missing, which I re-faxed.  This went missing.  Michael Sherman found it.  I also emailed him a text version to help him recognize it if he saw it.

Exhibit 18-From: "Anna Maria Agolli" <anna_agolli@yahoo.com>

To: <Michael.Sherman@usdoj.gov>
Sent: Monday, April 28, 2008 1:50 PM
FOIA PHONE CALL 4/2/08 about 9a., 2pp
The letter Plaintiff says is dated February 23 2008, is actually 2007.  If Sherman mailed a
hard copy, Plaintiff didn't get it, but he emailed it and I got that.

Exhibit 19-From: "Sherman, Michael J" <Michael.J.Sherman@usdoj.gov>
To: <anna_agolli@yahoo.com>
Sent: Tuesday, June 10, 2008 11:18 AM
Subject: your call, 1pp

June 11, 2008 called and spoke to Kathleen Mullin at Office of Information and Privacy
(OIP). Left message for Michael Sherman and Kathleen Mullen to call me at work. 8:57a
Then I also received a call from Vanessa Bushman with whom I left a message earlier, I
think. She called right after I left a message for Kathleen McNabb. Bushman only saw a
letter dated February 2007. She said she had a class she needed to teach right now and
had not e-mailed yet, so I would not get an answer today. But she would speak to
Sherman and see what the deal was there – maybe he looked at a different place in the
computer than she did. She had my information.
One or the other got in touch with Sherman and then he wrote to me. the long and the
short of it was that Sherman responded regarding the correspondence of the previous
year, not the current one, the dates were similar but it wasn't the same stuff. They didn't
have my stuff. I told her I could prove it. And apparently when Sherman wrote to me they
found the reconsideration for expedite handling document. He said nothing about the
appeal but I actually have a letter from Priscilla Jones confirming receipt as well as my
fax receipts, including with a new reference number for the new appeal.
Her explanation regarding the past documents was as follows:
February 23, 2007 expedite processing is moot.
Since it was remanded, their office sends it back to the agency, Office of Inspector
General, which then has the record, and they do another search and respond.
The appeal to their office and request for expedite handling was denied February 5, 2007.
Appeal was adjudicated and request was remanded on February 23, 2008.

Exhibit 20-From: "Anna Maria Agolli" <magi2dx@yahoo.com>
To: <michael.sherman@usdoj.gov>
Sent: Wednesday, June 11, 2008 2:07 PM
Attach: ReconsiderationRevised31jan08.doc
Subject: Fw: Reconsideration for Expedite Handling Request faxed on Jan 31 2008
Lynette received
Plaintiff re-sent a text version by email to Sherman of Reconsideration Request for
expedite handling that Plaintiff had faxed on January 31 2008, and he later wrote her that
he found it and that OIP would respond to it.  Plaintiff never received that response.  See
August 28 2008 604p email for this thread.

Exhibit 21-From: "Anna Maria Agolli" <magi2dx@yahoo.com>

To: <Michael.J.Sherman@usdoj.gov>
Cc: <videodisk110@aol.com>; <anna_agolli@yahoo.com>
Sent: Sunday, June 15, 2008 8:02 PM
Attach: FOIAappeal5nov2007.doc
Subject: Fw: FOIA APPEAL of November 5, 2007
Resent November 5 2007 Appeal to Sherman because it was not on record.  See the
November 5 2007 appeal for this attachment.

CALL to Priscilla Jones
May 27 2009 135p, left voicemail

Exhibit 22-May 27 2009 Letter to Priscilla Jones/OIP Follow up re OIG reconsideration
request and appeal, 08-0238, 07-0560, 06-OIG-164, 06-2846
1-May 27 2009 426p Fax Receipt, cover sheet 3pp
2-May 27 2009 439p Staples Receipt for Fax, 1pp
This fax was sent twice starting at 330p.  I have all the fax receipts for this and can
produce them if necessary.  Shanette confirmed receipt at 430p of two faxes and will give
a cc to Sherman.
Michael Sherman, remembered me without my giving him the information.

5/28/09, followed up with sherman.

Called Michael Sherman, June 1 2009 they have the appeal -- not assigned to him, will
send email when he knows more.

June 9 2008
6/9/08 834a 514-FOIA
Asked for Michael Sherman, left voicemail.  In April 23 email spoke about remand
mailed February 23.  I had told you I didn't get, you said you would re-send, you said you
would email or call.  Preference email, or voicemail.  Reiterated.  So I gave you email.
Have not received an email but I sent you one reiterating our conversation and I asked for
the remand again.  It is June, still have not received, do not know if he sent it to me when
we spoke and sent it again when I emailed.  But still did not get it and wanted to know.
Gave email.  If you call and I am not here.  Following up on remand and reconsideration,
asking question in the email.  If you email, I will re-send it.  It did not bounce back.  So I
assume you got it.  Gave phone number, I am here right now..

Exhibit 23-From: <anna_agolli@yahoo.com>
To: <Michael.J.Sherman@usdoj.gov>
Sent: Wednesday, July 22, 2009 7:45 PM
Subject: Re: Fw: Request for Reconsideration for Submission of Qualification for
Endangerment
Thread:
From: Anna Maria Agolli <anna_agolli@yahoo.com>
Subject: Re: Fw: Request for Reconsideration for Submission of Qualification for

Endangerment
To: Michael.J.Sherman@usdoj.gov
Date: Thursday, May 28, 2009, 2:41 PM
And
From: Anna Maria Agolli <anna_agolli@yahoo.com>
Subject: Re: Fw: Request for Reconsideration for Submission of Qualification for
Endangerment
To: Michael.J.Sherman@usdoj.gov
Date: Wednesday, May 27, 2009, 3:55 PM
And
From: anna_agolli@yahoo.com <anna_agolli@yahoo.com>
Subject: Re: Fw: Request for Reconsideration for Submission of Qualification for
Endangerment
To: Michael.J.Sherman@usdoj.gov
Date: Wednesday, May 27, 2009, 2:04 PM
And
From: Anna Maria Agolli <anna_agolli@yahoo.com>
Subject: Fw: Request for Reconsideration for Submission of Qualification for
Endangerment
To: Michael.J.Sherman@usdoj.gov
Date: Monday, March 30, 2009, 8:25 PM
And
From: Anna Maria Agolli <anna_agolli@yahoo.com>
Subject: Request for Reconsideration for Submission of Qualification for Endangerment
To: Michael.J.Sherman@usdoj.gov
Date: Saturday, November 1, 2008, 12:06 PM
The last correspondence with Priscilla Jones was May 27 2009, but as you can see from
this email, Plaintiff continued to call and correspond with Michael Sherman, although
beyond speaking to Plaintiff on the phone, she never heard from him again. Sherman
was busy and responded as possible for him and was willing to do a lot of footwork for
Plaintiff.

As Plaintiff said, she filed a FOIA with OIP to get whatever they have on record in the
event it is useful for this lawsuit, which Plaintiff is filing without yet knowing the date of
any correspondence that occurred as a result of the May 27 2009 letter to Jones.

Exhibit 24-May 9 2014 Faxed FOIA request to OIP and copy of ID, 2pp
Plaintiff can produce whatever fax receipts are necessary, Plaintiff faxed it twice.

Exhibit 25-May 19 2014 Acknowledgement OIP/14-2812 (F), 2pp, received by email.
Plaintiff spoke to NARA and Robert Shapiro at OIP also and finally decided to do this
FOIA request.

Exhibit 26-Re: Responding to your voicemail
Tuesday, May 20, 2014 4:24 PM

From: "Anna Maria Agolli" <anna_agolli@yahoo.com>
To: "Ziese Timothy (OIP)" Timothy.Ziese@usdoj.gov
Thread:
On May 20, 2014 2:17:00 PM "Ziese, Timothy (OIP)"
<Timothy.Ziese@usdoj.gov> wrote:

Exhibit 27-RE: Responding to your voicemail
Friday, May 23, 2014 5:38 AM
From:  Anna Maria Agolli <anna_agolli@yahoo.com>
To:  "Ziese, Timothy (OIP)" <Timothy.Ziese@usdoj.gov>
Thread:
On May 22, 2014 6:35:57 PM "Ziese, Timothy (OIP)"
<Timothy.Ziese@usdoj.gov> wrote:
And
From: Anna Maria Agolli [mailto:anna_agolli@yahoo.com]
Sent: Thursday, May 22, 2014 9:28 AM
To: Ziese, Timothy (OIP)
Subject: Re: Responding to your voicemail

Exhibit 28-Automatic reply: Responding to your voicemail
Friday, May 23, 2014 5:39 AM
From: "Ziese Timothy (OIP)" <Timothy.Ziese@usdoj.gov>
To:  "Anna Maria Agolli" anna_agolli@yahoo.com

Plaintiff continues to follow up with OIP to learn of a date of a final

correspondence occurring after May 27 2009, or to receive a release of all the OIP

correspondence.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,

May 30 2014

Anna Maria Agolli, Pro Se
3304 6th Street SE #304
Washington, DC  20032
Phone:  407 374 3704
Email: anna_agolli@yahoo.com