**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ANNA MARIA AGOLLI, |
| Plaintiff |
| v. |
| OFFICE OF INSPECTOR GENERAL, U.S. DEPARTMENT OF JUSTICE, |
| Defendant |

Civil Action No. 14-961 (CKK)

**MEMORANDUM OPINION**
(August 31, 2015)

Plaintiff Anna Maria Agolli filed suit against the Office of Inspector General ("OIG") of the United States Department of Justice ("DOJ"), challenging the agency's handling of certain Freedom of Information Act ("FOIA") requests that she had filed, which appear to pertain to a complaint that she had previously filed with OIG. At the outset, the Court notes that, in Defendant's [20] Motion to Dismiss Plaintiff's Complaint and for Summary Judgment, which is now before the Court, Defendant construed Plaintiff's complaint—which is far from a modicum of clarity—as containing *only* FOIA claims. In her Opposition to Defendant's motion, Plaintiff states that she is not only bringing this action under FOIA but under "any applicable law" because she is seeking damages in this action. Pls.' Mem. of Points & Authorities, ECF No. 27, at 1. Plaintiff acknowledges that money damages—which she seeks—are not available under FOIA, but indicates no other basis for damages in relation to a FOIA request. Moreover, insofar as Plaintiff purports to challenge the handling of the underlying complaint previously filed with OIG—rather than the agency's subsequent handling of the FOIA requests—Plaintiff identifies no legal basis for doing so or for seeking damages with respect to any such claim. With this understanding, the Court addresses Defendant's motion to dismiss for lack of subject matter jurisdiction and for summary judgment. In that motion, Defendant argues that this Court lacks

1

subject matter jurisdiction over all but one of the claims in Plaintiff's complaint because Plaintiff

failed to file this action within the six-year statute of limitations for FOIA claims. With respect to

the remaining claim, regarding Plaintiff's 2014 FOIA request, Defendant argues that summary

judgment is warranted because the agency adequately responded to that request.[1]

Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a

whole, the Court GRANTS Defendant's [20] Motion to Dismiss Plaintiff's Complaint and for

Summary Judgment. The Court concludes that it lacks subject matter jurisdiction over all of

Plaintiff's claims other than the claim regarding the 2014 FOIA request because Plaintiff failed

to file this action within the six-year jurisdictional statute of limitations for FOIA claims. With

---

[1] Defendant's briefing contains contradictory language on whether the agency is also moving for summary judgment, in the alternative, with respect to the claims that it argues are barred by the statute of limitations. Specifically, while Defendant's motion itself only requests summary judgment "on the remaining issue" not encompassed within the jurisdictional arguments, Def.'s Mot. at 1, Defendant appears to argue in its memoranda in support of its motion that summary judgment is warranted, in the alternative, on all of the claims in this action. In any event, because the Court concludes that it does not have jurisdiction over the FOIA claims other than the claim regarding the 2014 request, it need not address Defendant's arguments for summary judgment in the alternative.

[2] The Court's consideration has focused on the following documents:

- Def.'s Motion to Dismiss Pl.'s Compl. and for Summary Judgment ("Def.'s Mot."), ECF No. 20;
- Pl.'s Motion for Indulgence of the Court for Pl.' to be Ordered and Given Add'l Time as Necessary to Correct Format or to Comply with all Requirements Overlooked and Opp'n to Def.'s Mot., ("Pl.'s Opp'n"), ECF No. 27; and
- Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. ("Def.'s Reply"), ECF No. 51.

The Court notes that, in a Minute Order issued on December 12, 2014, the Court stated that it would treat Plaintiff's December 8, 2014, "Motion for Indulgence, " ECF No. 27, as Plaintiff's Opposition to Defendant's motion to dismiss and for summary judgment because that filing included Plaintiff's memorandum in opposition to the motion. In an [48] Order dated January 6, 2015, the Court stated that it would consider that December 8, 2014, filing as her final Opposition, although it would consider the additional exhibits subsequently filed in support thereof, which the Court had granted leave to file.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

respect to the final claim—regarding the 2014 FOIA request—the Court concludes that summary judgment for the agency is warranted. Insofar as Plaintiff purports to bring any other claims in this action, those are dismissed as well. The Court dismisses this case in its entirety.

## I. BACKGROUND

On June 20, 2006, Plaintiff submitted to OIG a 25-page FOIA request that requested all OIG documents pertaining to Plaintiff.[3] Declaration of Marie Waller, Government Information Specialist and FOIA Officer, Office of the Inspector General ("Waller Decl."), ECF No. 20-1, ¶ 6. OIG conducted an electronic search of its records stored in its investigations case management system to determine whether the agency had any documents responsive to Plaintiff's request. *Id.* ¶ 7. Based on its search, OIG located only one document that it considered responsive to Plaintiff's request—the OIG complaint form associated with Plaintiff's initial complaint—other than the documents that Plaintiff herself submitted to the agency. *Id.* By letter dated June 22, 2006, OIG released the complaint form to Plaintiff. *See* Waller Decl., Ex. 2. The released form was redacted in order to withhold the name of the law enforcement officer who received information from Plaintiff and who prepared the complaint form. *See id.*

Following the agency's response to Plaintiff's FOIA request, a series of administrative appeals ensued:

- Plaintiff filed her first administrative appeal to the DOJ Office of Information Policy ("OIP") on August 18, 2006 (Appeal No. 06-2846). Declaration of Priscilla Jones, Supervisory Administrative Specialist, Office of DOJ Information Policy ("Jones Decl."), ECF No. 20-2, ¶ 3.
- By letter dated November 28, 2006—apparently independent of the pending appeal— OIG released in full Plaintiff's initial FOIA request to her. *See* Waller Decl. ¶ 9.

---

[3] The Court does not describe the background of the events underlying the 2006 FOIA request because it appears that Plaintiff contests Defendant's description of those events, and they are not material to the Court's resolution of the pending motion or the Court's dismissal of this case.

- By letter issued December 18, 2006, OIP directed OIG to release all documents Plaintiff sent to the agency and affirmed the agency's decision to withhold the name of the law enforcement agent. *See id.*, Ex. 4. (December 18, 2006, letter from OIP).

- On or about January 26, 2007, Plaintiff filed a second administrative appeal (Appeal No. 07-0560) with respect to the OIG's response dated November 28, 2006. Jones Decl. ¶ 4. OIP responded to that appeal on or about February 23, 2007, remanding to OIG for an additional search. *Id.* ¶. On September 7, 2007, OIG provided to Plaintiff—without redactions—407 pages of documents that Plaintiff submitted to OIG. Waller Decl. ¶ 13.

- Plaintiff attempted to file a third administrative appeal on or about November 5, 2007, with respect to OIG's September 7, 2007, response (Appeal No. 08-0238). Jones Decl. ¶ 5. OIP closed this appeal as a duplicate on or about November 7, 2007, without sending a response to Plaintiff. *Id.*

After OIG's response to Plaintiff sent in September 2007, OIG did not receive any new appeals remanded from OIP pertaining to Plaintiff, and OIG did not receive any new FOIA requests from Plaintiff. Waller Decl. ¶ 19.

On May 9, 2014, Plaintiff submitted a FOIA request to OIP via letter which requested all correspondence between her and OIP. Declaration of Vanessa R. Brinkmann ("Brinkmann Decl."), ECF No. 20-3, ¶ 3, Ex. A. In response to Plaintiff's request, OIP conducted a search of its FOIA/Privacy Act tracking systems, using the search term "Agolli," between 1987 and the date of the search. *Id.* ¶ 5. As a result of the search, OIP located four administrative appeals, including the three aforementioned appeals and an appeal closed on July 7, 2003 (AP-2003-01872 (FBI)). *Id.* The agency discovered that, due to the age of those files, they had been destroyed "in accordance with the applicable records retention schedules." *Id.* Because Plaintiff specifically mentioned that she had corresponded with Michael Sherman, a former OIP employee, OIP also conducted a search of Sherman's e-mail archives using the search term "Agolli." *Id.* ¶ 6. OIP located 37 pages of e-mail correspondence between Sherman and Plaintiff. *Id.* By letter dated October 24, 2014, OIP provided a final response to Plaintiff's FOIA request, providing the 37-pages of the e-mail correspondence with Sherman, without redaction. *Id.* OIP

also informed Plaintiff that the contents of her previous appeals had been destroyed in accordance with the applicable records retention schedules and that copies of the correspondence maintained as part of those records were no longer available. *Id.* ¶ 8, Ex. C.

Plaintiff filed this action on June 6, 2014. Subsequently, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and for summary judgment. That motion is now fully briefed and ripe for resolution.

## II. LEGAL STANDARD

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court begins with the presumption that it does not have subject matter jurisdiction over a case. *Id.* To survive a motion to dismiss pursuant to Rule 12(b)(1), a plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over its claim. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1106 (D.C. Cir. 2005). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual allegations in the complaint "will bear closer scrutiny in resolving a

12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.,* 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (citations omitted).

## B.  Motion for Summary Judgment

Congress enacted FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation and internal quotation marks omitted). Congress remained sensitive to the need to achieve balance between these objectives and the potential that "legitimate governmental and private interests could be harmed by release of certain types of information." *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc) (citation and internal quotation marks omitted). To that end, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for specific categories of material." *Milner v. Dep't of Navy*, 562 U.S. 562, 564-66 (2011). Ultimately, "disclosure, not secrecy, is the dominant objective of the Act." *Rose*, 425 U.S. at 361.

The burden is on the agency to justify its response to the plaintiff's request. 5 U.S.C. § 552(a)(4)(B). "An agency may sustain its burden by means of affidavits, but only if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Multi Ag Media LLC v. Dep't of Agriculture*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (citation omitted). Summary judgment is proper when the pleadings, the discovery materials on file, and any affidavits or declarations "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III. DISCUSSION

Defendant moves to dismiss pursuant to Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction over all but one of Plaintiff's claims. Defendant moves for summary judgment on the remaining claim. The Court addresses the jurisdictional arguments first, concluding that the statute of limitations for FOIA claims deprives this Court of jurisdiction over all but one of Plaintiff's claims. With respect to the remaining claim—the claim regarding the 2014 FOIA request—the Court concludes that summary judgment for the agency is warranted.

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant moves to dismiss all of the FOIA claims in this action—other than the claim regarding the 2014 FOIA request—for lack of subject matter jurisdiction. The Court agrees that it has no jurisdiction over these claims.

A six-year statute of limitations applies to FOIA actions. *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 56 (D.C. Cir. 1987); *see also* 28 U.S.C. § 2401(A) ("every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues"); *Howard v. Pritzker*, 775 F.3d 430, 437 (D.C. Cir. 2015) ("§ 2401(a) applies to suits under [FOIA], which does not include its own statute of limitations"). This statute of limitations is jurisdictional.[4] *Spannaus*, 824 F.2d at 52 ("Unlike an

---

[4] In *United States v. Kwai Fun Wong*, the Supreme Court recently held that that statute of limitations with respect to the Federal Tort Claims Act in 28 U.S.C. § 2401(b) was not jurisdictional because Congress had "provided no clear statement indicating that § 2401(b) is the rare statute of limitations that can deprive a court of jurisdiction." 135 S. Ct. 1625, 1632 (2015); *see also Doak v. Johnson*, No. 14-5053, 2015 WL 4910067, at *7 (D.C. Cir. Aug. 18, 2015); *U.S. ex rel. Heath v. AT & T, Inc.*, 791 F.3d 112, 119 (D.C. Cir. 2015). Nonetheless, because the D.C. Circuit of Appeals has explicitly held that section 2401(a) is jurisdictional, *see Spannaus*, 824 F.2d at 52, and because the Supreme Court's holding in *Wong* is limited to the section 2401(b), Circuit precedent deeming the statute of limitations for FOIA jurisdiction remains binding on this Court. It is for the Court of Appeals to determine in the first instance what effect, if any, *Wong*

ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed. … Where clear language restricts our jurisdiction, we may not overturn it merely by invoking spirits and thrusts."); *see also Muwekma Ohlone Tribe v. Salazar*, 708 F.3d 209, 218 (D.C. Cir. 2013) ("The court lacks subject matter jurisdiction to hear a claim barred by section 2401(a)."). Because this statute of limitations is jurisdictional, neither waiver nor equitable tolling is applicable. *See Bigwood v. Def. Intelligence Agency*, 770 F. Supp. 2d 315, 319 (D.D.C. 2011) (citing *W. Virginia Highlands Conservancy v. Johnson*, 540 F. Supp. 2d 125, 138 (D.D.C. 2008)); *see also Wong*, 135 S. Ct. at 1631.

"A FOIA claim accrues once the requester has exhausted his or her administrative remedies, either actually or constructively; only then can the requester institute and maintain a suit in court." *Kenney v. U.S. Dep't of Justice*, 700 F. Supp. 2d 111, 115 (D.D.C. 2010); *see also Spannaus v. Dep't of Justice,* 824 F.2d at 56–57. Plaintiffs are considered to have constructively exhausted their remedies if the agency does not respond to a request within 20 business days (or 30 working days in unusual circumstances), *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013), or if the agency does not respond to an administrative appeal within 20 business days, *see Aftergood v. CIA*, 225 F. Supp. 2d 27, 29-30 (D.D.C. 2002) (citing 5 U.S.C. § 552(a)(6)(A)(ii)).

Defendant argues that any claim regarding the 2006 FOIA request accrued on or about December 5, 2007, which they calculate as 20 business days after November 5, 2007—the date

---

has on its holding that section 2401(a) is jurisdictional. *See Dugdale v. U.S. Customs & Border Prot.*, No. 14-CV-01175 (CRC), 2015 WL 2124937, at *1 (D.D.C. May 6, 2015). However, the Court simply notes that, were this statute of limitations nonjurisdictional, the Court would conclude that there is no basis in the record for the statute of limitations to be tolled equitably such that the claims in this action would be timely.

Plaintiff filed her last administrative appeal regarding her FOIA request. By contrast, in her complaint, Plaintiff states that the statute of limitations only begins to run from the date of Plaintiff's last correspondence with the agency. *See* Comp. at 7. She identifies this date as May 27, 2009, when she sent a letter to the agency regarding her 2006 request. *Id.* However, Plaintiff's argument is contrary to established precedent. *See Spannaus*, 824 F.2d at 57-59 (FOIA claim accrues when requester constructively exhausts administrative remedies, not when agency subsequently resolves appeal). Plaintiff constructively exhausted her administrative remedies no later than 20 business days after her final administrative appeal, which was filed on November 5, 2007.[5] The Court agrees with Defendant's calculation that the date of accrual was December 5, 2007. Accordingly, as a result of the six-year statute of limitations for FOIA claims, this Court has no jurisdiction over any FOIA claims filed after December 5, 2013. Because this action was filed only on June 6, 2014, the Court has no jurisdiction over claims regarding the 2006 FOIA request. Finally, insofar as Plaintiff purports to bring claims pursuant to any earlier FOIA requests, those claims would also run afoul of the jurisdictional statute of limitations in section 2401(a), and the Court would also lack jurisdiction over those claims. The Court agrees with Defendant that the only claim in this action not barred by the statute of limitations is Plaintiff's claim regarding her 2014 FOIA request.

## B.  Motion for Summary Judgment

Defendant argues that the agency's response to Plaintiff's May 2014 FOIA request complied with the requirements of FOIA and that the agency is entitled to summary judgment on this claim. It appears that Plaintiff may not continue to contest the adequacy of the agency's

---

[5] Defendant does not argue that Plaintiff had constructively exhausted her administrative remedies as a result of one of her earlier administrative appeals regarding the 2006 FOIA request. Accordingly, the Court does not address that possibility.

response to that FOIA request. *See* Pls.' Mem. of Points & Authorities at 21 (responding to Defendant's argument that the agency is entitled to summary judgment on the FOIA claim by stating "[t]his paragraph sounds about right"). Nonetheless, in an abundance of caution, the Court reviews the parties' arguments together with the record, and the Court concludes that summary judgment for Defendant is warranted on the claim regarding the 2014 FOIA request.

The adequacy of an agency's search for records in response to a FOIA request is measured by a standard of reasonableness and depends on the individual circumstances of each case. *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). The question is not whether responsive documents may exist, but whether the search itself was adequate. *Steinberg v. Dep't of Justice,* 23 F.3d 548, 551 (D.C. Cir. 1994) (citations omitted). There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems of records likely to possess the requested information. *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

To establish that an adequate search was conducted, agencies may and often do rely on affidavits in support of their motions for summary judgment. *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). An agency's declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted). The declarations should "set[ ] forth the search terms and the type of search performed, and aver[ ] that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby*, 920 F.2d at 68. Absent contrary evidence, such affidavits or declarations are sufficient to show that an agency complied with FOIA. *See Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982).

In support of its motion, Defendant has submitted an declaration from Vanessa R. Brinkmann, senior counsel in the Office of Information Policy ("OIP"), regarding the 2014 search, together with supporting attachments. That declaration describes in significant detail the receipt of, processing of, and agency response to Plaintiff's 2014 request. *See generally* Brinkmann Decl. In her 2014 request, Plaintiff requested all correspondence between herself and OIP, as well as all records exchanged between her and OIP. *See* Brinkmann Decl. ¶ 3, Ex. A (Plaintiff's FOIA request). In response, the agency conducted a search of its FOIA/Privacy Act tracking systems, which include the administrative case files for initial requests and administrative appeals, using the search term "Agolli," from 1987 to the present. Brinkmann Decl. ¶ 5. Through this search, the agency located records of four administrative appeals previously submitted to OIP. *Id.* However, because of the age of those appeals—each more than six years old—the file were destroyed "in accordance with the applicable records retention schedule." *Id.* Because Plaintiff's request described her correspondence with Michael Sherman, a former OIP employee, the agency conducted a search of his archived e-mail using the search term "Agolli." *Id.* ¶ 6. The agency notes that e-mail archives are "not an official records system for maintaining appeals correspondence." *Id.* As a result of the e-mail search, the agency provided Plaintiff 37 pages of e-mail correspondence between her and Sherman. *Id.*

Plaintiff does not seriously contest the adequacy of the search. Plaintiff only notes in her statement of material facts that "[t]here were other people Plaintiff emailed and these were not found or released, such as Stearns and Catherine Lev." Pl.'s Statement of Material Facts, ECF No. 27, ¶ 26. However, she does not provide any support for that statement in an affidavit or by reference to any other documentary evidence. In any event, the Court concludes that this search is adequate. *See Oglesby*, 920 F.2d at 68. The agency searched the record systems likely to

possess the requested information. That is, the agency searched the official systems for maintaining correspondence regarding FOIA requests, and the agency searched the e-mail archives of the only employee whom Plaintiff specifically identified in her request. She did not identify "Stearns or "Catherine Lev" in her FOIA request. *See* Brinkmann Decl., Ex. A. Moreover, Plaintiff does nothing to rebut the agency's claim—supported by an affidavit—that e-mail archives are not official records systems for maintaining correspondence regarding appeals. *See* Brinkman Decl. ¶ 6. Therefore, it was not necessary for the agency to search the e-mail archives of the employees that Plaintiff only identifies in her opposition to Defendant's motion. With respect to the appeal archives, Plaintiff does not contest the agency's representation that those archives were destroyed, and the agency cannot be commanded to produce what no longer exists. Accordingly, the Court concludes that the agency conducted an adequate search with respect to the 2014 FOIA request, that it did not improperly withhold any documents, and that it complied with its obligations under FOIA. Defendant is entitled to summary judgment on this FOIA claim.

**C.  Plaintiff's Requests to Correct the Docket**

As a final matter, Plaintiff has submitted numerous requests to correct the docket with respect to purported irregularities in the docketing of the voluminous additional attachments—totaling more than 2300 pages—that she filed in support of her Complaint and in opposition to Defendant's motion to dismiss and for summary judgment. *See* Errata, ECF No. 52; Second Errata, ECF No. 54; Continued Errata, ECF No. 56; Request for Permission to Continue Submitting Errata on CD and Errata Notice Continued, ECF No. 59; Errata Notice Continued with Redacted Items, ECF No. 59 ("Leave to file denied"); Emergency Notice to the Court and Motion to View and Correct All Court Uploads to PACER as Appropriate Before Any Final

Decision is Made, ECF No. 82; Request for Resubmission of All Pleadings on CD and

Clarification, ECF No. 83; First through Ninth Requests for Permission to File Correction of

Online Pleadings With Online Corrections Listed, ECF Nos. 85-90, 92, 114, 119.

The Court has already addressed multiple requests from Plaintiff of this sort, including

her first nine "Requests for Permission to File Correction of Online Pleadings, with Online

Corrections Listed." *See, e.g.,* Order dated May 7, 2015, ECF No. 120. The Court allowed

Plaintiff to re-file certain documents and required the Office of the Clerk of the Court to correct

and re-docket numerous filings, at considerable effort on its part. *See* Order dated April 8, 2015,

ECF No. 91; *see also* Large Additional Attachments, ECF Nos. 62-80, 93-122 (re-docketed

versions of attachments submitted by Plaintiff); Large Additional Attachments Parts 1-16, ECF

Nos. 32-47 (initially docketed versions of attachments). Subsequently, Plaintiff submitted her

*tenth through thirty-fifth* "Requests for Permission to File Correction of Online Pleadings, with

Online Corrections Listed." The Court concludes that is not necessary to address those requests

given its disposition of the claims in this action. The Court has thoroughly reviewed the

voluminous filings in this case—including multiple versions of those filings that the Court

allowed to be docketed. The Court concludes that none of those submissions provide a basis for

rejecting Defendant's jurisdictional arguments or Defendant's argument for summary judgment

on the 2014 FOIA request, the bases on which the Court dismisses this action. Accordingly, the

Court will grant leave for Plaintiff to file the *tenth through thirty-fifth* Requests for Permission to

File Correction of Online Pleadings, with Online Corrections Listed—which have already been

submitted to the Court—and will simultaneously deny them as moot. Further addressing these

requests to correct the docket is simply unnecessary. In addition, the Court will not allow

Plaintiff to file any more requests to correct the docket.

**IV. CONCLUSION**

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over all of Plaintiff's claims other than claim regarding the 2014 FOIA request, and the Court concludes that summary judgment on the remaining claim, regarding the 2014 FOIA request, is warranted. Accordingly, Defendant's [20] Motion to Dismiss Plaintiff's Complaint and for Summary Judgment is GRANTED. Insofar as Plaintiff purports to bring any other claims in this action, those are dismissed as well. This action is dismissed in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

Dated: August 31, 2015

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge